# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MCCRAY and <br> B.S.G., a Minor, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 4:08CV1178 CDP |
| FRANCIS HOWELL SCHOOL <br> DISTRICT, et al., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Elizabeth McCray's motion for reassignment of this case to another judge. For the foregoing reasons, the motion will be denied.

## Procedural History

On August 5, 2008, plaintiff Elizabeth McCray, acting *pro se*, filed the instant complaint and related documents. This is the second time plaintiff has attempted to file the same lawsuit, as she filed similar documents with this Court on January 30, 2008. See McCray v. N.D.B., et al., 4:08CV198 CDP. That case was also assigned to the undersigned and was dismissed, pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to comply with this Court's Order.

As in the previous lawsuit, in the instant case, plaintiff appears to be alleging that her daughter was unfairly accused of being a drug dealer by her

classmates and as a result, was harassed and unfairly disciplined by school officials. Plaintiff also appears to be alleging that her daughter was falsely arrested on a drug charge by the St. Charles Sheriff Department and unlawfully held at a juvenile facility.

Just as in her previous lawsuit, because plaintiff's pleading failed to comply with this Court's Local Rules, as well as the Federal Rules of Civil Procedure, on August 25, 2008, the Court ordered plaintiff to file an amended complaint. Rather than file an amended complaint, plaintiff requests reassignment of her case to a different judge. Plaintiff fails, however, to articulate a specific reason for her request.

## Standard

A judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002).[1] When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

---

[1] A motion to disqualify judge must be decided by the same judge whose impartiality is being questioned. In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir.1985) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. It requires the judge to *disqualify himself* when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to another judge.") (emphasis in original).

concerning the proceeding" she must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" Moran, 296 F.3d at 648 quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60 (1988). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." Id. "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id. quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir. 1996). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" Id. quoting Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.1992).

Under 28 U.S.C. § 144, a party seeking to disqualify a judge because of bias or prejudice may file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists . . ." Any such affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no

effect. Nor are [a party's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985). Furthermore, "the fact that a party has . . . attempted to initiate unrelated judicial proceedings against the court is insufficient in and of itself to establish bias." Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1210 (8th Cir. 1976). "To hold otherwise would allow litigants to judge shop by filing a suit against the presiding judge." See In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) (quotation omitted). Finally, "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003).

## **Discussion**

Plaintiff has not provided any supporting reasons for her request, let alone complied with the requirements of § 144. The Court presumes that plaintiff is seeking recusal because the undersigned ruled against her in a previous case. These grounds are without legal merit. See Fletcher, 323 F.3d at 665.

As there is no basis for my recusal in this matter, the undersigned is obligated to hear this case and review plaintiff's amended complaint, should she choose to file one.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reassignment of judge [Doc. #5] is **DENIED**.

Dated this 8th day of September, 2008.

                                                                                                                   */s/ Catherine D. Perry*
                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE