UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MCCRAY and<br>B.S.G., a Minor, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 4:08CV1178 CDP |
| FRANCIS HOWELL SCHOOL<br>DISTRICT, et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for appointment of counsel and jury trial demand. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has not provided any allegations supporting her prayer for relief, and while she may benefit from the appointment of counsel, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. Accordingly, after considering the relevant factors I will deny plaintiff's motion for appointment of counsel. Plaintiff's demand for a jury trial will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [#12] is denied.

**IT IS FURTHER ORDERED** that this case will be set on a jury docket.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2008.