UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH MCCRAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1178 CDP |
| | ) |
| FRANCIS HOWELL SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Elizabeth McCray and her minor daughter B.J.G. bring this lawsuit *pro se*. They allege that the defendants violated B.J.G.'s civil rights when they detained her based on allegations that she sold marijuana to another student at school. Two of the three defendants – the Francis Howell School District and the Juvenile Justice Center – have moved to dismiss on the grounds that the complaint is deficient, they were improperly served, and the statute of limitations has run. The Juvenile Justice Center has also moved for dismissal on the basis that it is immune from suit under the Eleventh Amendment of the United States Constitution. Because I find that neither the Juvenile Justice Center nor the School District are liable to suit under the facts alleged, I will grant both motions to dismiss. The only defendant that remains is Tom Neer, the St. Charles County Sheriff.

## Background

The following facts are based on the allegations set forth in the plaintiffs' amended complaint. On April 11, 2006, B.J.G., a minor, was accused of selling marijuana to another student at school. The school principal and another school official held B.J.G. in a closed-off room in the school and attempted to get B.J.G. to confess to the sale of the drugs. No drugs were found in B.J.G.'s possession. An officer from the St. Charles County Sheriff's Department, Officer Jeff Warner, removed B.J.G. from school and took her to the Juvenile Justice Center. According to plaintiffs, Warner failed to read B.J.G. her rights, accused her of being a drug dealer, and took her to the Juvenile Justice Center after she refused to sign a statement that the drugs were hers.

Employees of the Juvenile Justice Center refused to give B.J.G. medical treatment for her heart condition, and forced her to take forty pain pills. The employees were told not to give B.J.G. any food if she refused to eat the food provided to her. B.J.G. was held in the Juvenile Justice Center for seven days, allegedly because the School District failed to send the legal documents – saying that B.J.G. was not found with any drugs and was not suspended – necessary for the court to release her. Upon release from the Juvenile Justice Center, B.J.G. was placed on house arrest. As a term of her release, B.J.G. was required to wear an ankle bracelet which caused one of her ankles to become smaller than the other.

Plaintiffs first filed a lawsuit in this court based on these events on February 1, 2008. *See McCray v. N.D.B.*, 4:08CV198 CDP (E.D. Mo. filed Feb. 1, 2008, dismissed Mar. 7, 2008). In that case, plaintiffs listed as defendants – in addition to the School District, the Juvenile Justice Center, and the St. Charles Sheriff's Department – various minor children, school administrators, sheriff's officers, juvenile officers, attorneys, and judges. I dismissed that case without prejudice on March 7, 2008 because the complaint did not comply with this court's local rules and the Federal Rules of Civil Procedure. Specifically, plaintiffs had filed separate complaint forms for each defendant and had failed to redact the names of minor children.

Plaintiffs filed the current lawsuit on August 5, 2008 based on the same facts as the prior lawsuit, but naming only the School District, the Juvenile Justice Center, and the St. Charles County Sheriff (as opposed to the Sheriff's Department, the defendant named in the prior lawsuit) as defendants. As in the prior case, the complaint contained the names of minor children. Further, plaintiffs again submitted several separate complaint forms with different defendants named on each form. On August 25, 2008, I ordered plaintiffs to file an amended complaint that complied with this court's rules and the Federal Rules of Civil Procedure. Plaintiffs filed the amended complaint on September 24, 2008.

Discussion

Defendants make four arguments for dismissal: insufficient service of process, insufficient pleading, failure to act within the statute of limitations, and immunity from suit. Service of process is governed by Fed. R. Civ. P. 4(c), which states: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Generally, any pleading filed after the original complaint must be served on every party. Fed. R. Civ. P. 5(a)(1)(B). A complaint may be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

Defendants' remaining arguments for dismissal fall under Fed. R. Civ. P. 12(b)(6). A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

I.  Insufficient Service and Pleadings

Defendants argue that dismissal is warranted because plaintiffs failed to serve them with a copy of the amended complaint.  Further, both defendants argue that the amended complaint fails to meet the pleading standards.  Plaintiffs are acting *pro se*, and I will not dismiss on this basis.  While there are deficiencies in the pleadings and service of process, *pro se* litigants are generally given more leniency than represented litigants to correct such defects.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, because I am dismissing the claims against the School District and the Juvenile Justice Center because they are not parties liable to suit, there is no need for me to allow plaintiffs to correct the defects as to those defendants.

II.  Statute of Limitations

While the complaint did not specify the law or laws defendants are alleged to have violated, plaintiffs claim that certain state entities and actors violated B.J.G.'s constitutional and civil rights.  This appears to be a cause of action under 42 U.S.C. § 1983.  The statute of limitations in a §1983 action is defined by a state's most analogous statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261 (1985); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  In Missouri, the statute of limitations for general civil rights violations is five years.  Mo. Rev. Stat. § 516.120(4) (2002) (covering actions "for any other injury to the person or rights of another"); *Rogers v. Bruntrager*, 841 F.2d 853, 855 n.2 (8th Cir. 1988) (applying Mo. Rev. Stat. § 516.120(4) to a § 1983 claim).  The actions complained of here

occurred on April 11, 2006. The present lawsuit was filed in 2008, well within the statute of limitations.

III. Immunity From Suit

Plaintiffs have named two entities – the School District and the Juvenile Justice Center – and one individual – the St. Charles County Sheriff – as defendants in this action. While the individual employees of the two entities, if sued, could potentially be held liable for any proven violations of B.J.G.'s civil rights, the entities themselves cannot. The Juvenile Justice Center is immune from suit under the Eleventh Amendment. The School District cannot be held liable under § 1983 for the actions of its employees where, as here, plaintiffs have not alleged that the School District had a policy or custom that caused the deprivation of a civil right.

A. The Juvenile Justice Center

As a preliminary matter, the Juvenile Justice Center is a facility of the Eleventh Judicial Circuit Court of the State of Missouri, Juvenile Division. The Center itself is not an entity that can be sued. However, even if I construe the complaint as naming the Eleventh Judicial Circuit Court as a defendant, a state court can not be sued in federal court for damages.

The Eleventh Amendment of the United States Constitution prevents a citizen from suing a state in federal court for monetary relief. *Barnes v. Missouri*, 960 F.2d

63, 64 (8th Cir. 1992).[1]  Agencies and departments of the state are also immune from suit, in certain instances.  *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996);  *See also Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989) ("The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities.").  Immunity from suit extends to a state agency where a judgment against the agency would have the same practical effect as a judgment against the state itself.  *Hadley*, 76 F.3d at 1438.

The Eleventh Judicial Circuit Court of the State of Missouri, Juvenile Division, is a state agency.  The Eleventh Judicial Circuit Court exists pursuant to Article V, § 1 of the Missouri Constitution, which provides for the judicial department and which states that there shall be circuit courts.  Mo. Rev. Stat. § 478.063 gives the circuit court judges the power to create juvenile divisions.  The Eleventh Judicial Circuit Court, Juvenile Decision is, therefore, an entity of the State of Missouri.  *See McKlintic v. 36th Judicial Circuit Court,* 464 F. Supp. 2d 871, 875 (E.D. Mo. 2006) (the 36th Judicial Circuit Court, Juvenile Division, is an entity of the State of Missouri).

---

[1]The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Plaintiffs' claims for monetary damages against the Juvenile Justice Center, a facility of the Eleventh Judicial Circuit Court, which is, in turn, an agency of the State of Missouri, are barred by the Eleventh Amendment and must be dismissed. Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. *Hadley*, 76 F.3d at 1438. Section 1983 does not override Eleventh Amendment immunity. *Id.; See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Accordingly, the Juvenile Justice Center is an entity immune from suit under the Eleventh Amendment, and I will grant its motion to dismiss on that basis. *See generally McKlintic*, 464 F. Supp. 2d 871 (dismissing case against state juvenile court based on Eleventh Amendment immunity).

    B. <u>The School District</u>

While state agencies, such as courts, are immune from suit under the Eleventh Amendment, political subdivisions and municipalities do not generally enjoy the same immunity. *Sherman v. Curators of the Univ. of Mo.*, 16 F.3d 860, 862 (8th Cir. 1994). "The ability of a defendant to partake of the state's eleventh amendment immunity depends, at least in part, on the nature of the entity created by state law."

*Miener v. Missouri*, 673 F.2d 969, 980 (8th Cir. 1982) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). The Eighth Circuit has held that, in Missouri, a school district is not immune under the Eleventh Amendment. *See E.E.O.C. v. Hickman Mills Consol. Sch. Dist. No. 1*, 99 F. Supp. 2d 1070, 1080 (W.D. Mo. 2000) (school districts, like school boards, are not immune from suit under the Eleventh Amendment). This court has held that "[i]f the only question presented was whether . . . a [school] district itself, enjoyed the state's Eleventh Amendment immunity, the answer would be clear and in the negative." *Stodghill v. Wellston Sch. Dist.*, 4:05CV1417 CEJ, 2006 WL 2673130, at *3 (E.D. Mo. Sept. 18, 2006) *rev'd on other grounds,* 512 F.3d 472 (8th Cir. 2008).

Even without Eleventh Amendment immunity as a bar to suit, the complaint does not allege a viable claim against the School District. To prevail under § 1983, plaintiffs must prove: "1) a violation of a constitutional right; 2) committed by a state actor; 3) who acted with the requisite culpability and causation to violate the constitutional right." *Nelson v. Lancaster Indep. Sch. Dist. No. 356*, No. CIV 00-2079 (JRT/RLE), 2002 WL 246755, at * 6 (D. Minn. Feb. 15, 2002) (citing *Shrum v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001)). In other words, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or

directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

To state a claim against an entity such as the School District (as opposed to an individual) plaintiffs must allege that a policy or custom of the School District is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the School District was responsible for the alleged violations of B.J.G.'s constitutional rights. Plaintiffs allege that the School District allowed B.J.G. to be removed from school, did nothing to prevent school employees from holding B.J.G. in a room, and did not promptly send legal documents to the courts. However, the facts alleged in the complaint implicate individual school officials, not the School District, as the actors. The school principal and another school employee held B.J.G. in a closed room; the school principal did nothing to prevent Officer Warner from removing B.J.G. from school. While plaintiffs allege that the School District allowed these actions, as well as refused to send legal documentation to the Juvenile Justice Center, these are not allegations that the School District had a custom or policy, but, rather, that individuals employed by the School District made single decisions in B.J.G.'s case.

In some instances, single decisions, such as those alleged here, can reflect an official policy, but only where the decisionmaker has the discretionary, policymaking authority necessary to hold the municipality liable for its decision.

*See, e.g. Mauzy v. Mexico Sch. Dist. No. 59*, 878 F. Supp. 153, 155 (E.D. Mo. 1995) (allowing a school district to be sued based on actions by a *school board*, because school board had final policymaking authority to fire employees on behalf of the school district). Here, however, plaintiffs' allegations evidence only the exercise of discretion by school officials in carrying out official policies. The actions of the individuals involved in B.J.G.'s detention and removal from school can not be attributed to the School District under the facts alleged

The requirement of an official policy or delegation of final policymaking authority ensures that a school district is held liable only for those acts which are fairly attributable to the district itself. *Artis v. Francis Howell N. Band Booster Assoc., Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). Plaintiffs have not alleged any policy or custom of the School District, nor have they alleged any facts that would indicate that the School District had vested policymaking authority in the various school officials involved here. As a result, the complaint fails to state a claim upon which relief can be granted as to the School District. Accordingly, I will grant the School District's motion to dismiss.

In sum, plaintiffs have not stated a valid cause of action against the Juvenile Justice Center or the Francis Howell School District because those entities cannot be sued under the facts and law here. Plaintiffs may wish to amend their complaint to name the individual employees or agents of those entities who they believe to be responsible for the alleged civil rights violations, but the entities themselves may not

be sued. If plaintiffs decide to do so, they are reminded to follow this court's local rules and the Federal Rules of Civil Procedure. The case will proceed against the remaining defendant, the St. Charles County Sheriff. This case will be set for a Rule 16 conference by separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Francis Howell School District's motion to dismiss [#15] is GRANTED.

**IT IS FURTHER ORDERED** that the Juvenile Justice Center's motion to dismiss [#29] is GRANTED.

**IT IS FURTHER ORDERED** that the Francis Howell School District's motion for a hearing [#24] is DENIED as moot.

                                      CATHERINE D. PERRY
                                      UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2009.