UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.J.G., by and through her next friend Elizabeth McCray, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:08CV1178 CDP |
| ST. CHARLES COUNTY SHERIFF, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Elizabeth McCray brought this lawsuit on behalf of her minor daughter, B.J.G., alleging that various individuals and entities violated B.J.G.'s rights by accusing her of selling drugs at school and detaining her even though no drugs were found in her possession. McCray sued the St. Charles County Sheriff, the Francis Howell School District, and the Juvenile Justice Center. On June 23, 2009, I dismissed McCray's claims against the School District and the Juvenile Justice Center because neither entity could be sued under the facts alleged. Only Tom Neer – The St. Charles County Sheriff – remains. Neer has now moved for dismissal, arguing that McCray has not alleged a claim against him upon which relief may be granted. I agree that McCray has not alleged any action on the part of the St. Charles County Sheriff that could form the basis of liability, and I will grant defendant's motion to dismiss.

**Background**

On April 11, 2006, B.J.G. was accused of selling marijuana to another student at school. The marijuana was found on another minor child, T.G., who, when asked, claimed that the drugs came from B.J.G. No drugs were found in B.J.G.'s possession. An officer from the St. Charles County Sheriff's Department, Officer Jeff Warner, removed B.J.G. from school and took her to the Juvenile Justice Center.

The central actor in the complaint is Officer Warner. According to McCray, Warner: (1) falsely imprisoned B.J.G. by keeping her in a closed office; (2) knew that B.J.G. did not have any drugs, but took her into custody anyway; (3) handcuffed her, despite knowing that someone else (T.G.) had been found with the drugs; (4) had no legal grounds for this arrest and failed to read B.J.G. her Miranda rights; (5) falsely accused relatives of B.J.G. of interfering with B.J.G.'s arrest at the school; (6) tried to force B.J.G. to sign a false confession; (7) lied in a report, stating that other officers had assisted in escorting B.J.G. to the Juvenile Justice Center; (8) lied to McCray when he told her that T.G. was also being held at the Juvenile Justice Center; (9) made false statements in a report on the incident, claiming that he had witnesses that would testify that B.J.G. was distributing drugs at school; (10) attempted to get other children at the school to sign a

statement that B.J.G. was a drug dealer; and (11) had a motive to falsely arrest B.J.G., based on an earlier incident.

McCray has filed and amended this complaint several times, naming different defendants each time. McCray first filed a lawsuit in this court based on these events on February 1, 2008. *See McCray v. N.D.B.*, 4:08CV198 CDP (E.D. Mo. filed Feb. 1, 2008, dismissed Mar. 7, 2008). In that case, she listed as defendants – in addition to the School District, the Juvenile Justice Center, and the St. Charles Sheriff's Department – various minor children, school administrators, sheriff's officers, juvenile officers, attorneys, and judges. Jeff Warner was a named defendant in that original complaint. I dismissed that case without prejudice on March 7, 2008 because the complaint did not comply with this court's local rules and the Federal Rules of Civil Procedure.

McCray filed the current lawsuit on August 5, 2008 based on the same facts as the prior lawsuit, but naming only the School District, the Juvenile Justice Center, and the St. Charles County Sheriff (as opposed to the Sheriff's Department, the defendant named in the prior lawsuit) as defendants. As in the prior case, the complaint suffered from procedural defects. On August 25, 2008, I ordered McCray to file an amended complaint that complied with this court's rules and the Federal Rules of Civil Procedure. McCray filed the amended complaint on September 24, 2008. While Warner was not a named defendant in this

amended complaint, he was, as in the original complaint, the focus of McCray's narrative description of the events surrounding B.J.G.'s arrest.

On June 23, 2009, I dismissed the claims against the School District and the Juvenile Justice Center, finding that neither party was liable to suit under the facts alleged. I suggested in that order that McCray might wish to amend her complaint to name the actual individual employees or agents who she believed to be responsible for the alleged civil rights violations, but told McCray that the entities themselves could not be sued. Rather than amend her complaint, McCray appealed to the Eighth Circuit Court of Appeals. The Eighth Circuit dismissed her appeal as premature.

The remaining defendant, the St. Charles County Sheriff, now moves for dismissal, arguing that McCray has not alleged any facts that show that he was in any way directly responsible for actions that allegedly violated B.J.G.'s constitutional and civil rights. The amended complaint does not mention Tom Neer by name. The only allegation in the amended complaint against the St. Charles County Sheriff is that the "St. Charles County Sheriff allowed Jeff Warner to sign documents" that "Jeff Warner knew" were false. In her original complaint, McCray named the Sheriff's Department, not the Sheriff himself, as a defendant. In her response to the current motion to dismiss, McCray alleges that Tom Neer made public statements that Warner had the right to arrest B.J.G. even though she

was not found with any drugs. This allegation is not made in the amended complaint.

**Discussion**

Dismissal is proper where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage of the litigation, I must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). McCray need not provide specific facts in support of her allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but she must include sufficient factual information to provide the grounds on which the claim rests and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The facts alleged do not support a claim against the St. Charles County Sheriff. To prevail under section 1983, a plaintiff must prove: "1) a violation of a constitutional right; 2) committed by a state actor; 3) who acted with the requisite culpability and causation to violate the constitutional right." *Nelson v. Lancaster Indep. Sch. Dist. No. 356*, No. CIV 00-2079 (JRT/RLE), 2002 WL 246755, at * 6

(D. Minn. Feb. 15, 2002) (citing *Shrum v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001)). In other words, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). McCray does not allege any facts to support a claim that Neer, personally or directly, violated B.J.G.'s rights. In fact, the only allegation against Neer in the amended complaint is that he allowed Jeff Warner to sign documents that Jeff Warner (not Neer) knew were false.

Generally, under section 1983, a supervisor cannot be held liable for the actions of his employee. *Rubek v. Barnhart*, 814 F.2d 1283, 1284 (8th Cir. 1987) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). However, a supervisor may be held liable under section 1983 for the unconstitutional conduct of his subordinates in four situations: (1) if the supervisor directly participated in the constitutional violation; (2) if the supervisor failed or refused to intervene when a constitutional violation took place in his presence; (3) if the supervisor's failure to train or supervise the employee caused the constitutional violation; or (4)

if the supervisor created a policy or custom under which the constitutional violation occurred. *Lansdown v. Chadwick*, 152 F. Supp. 2d 1128, 1146 (W.D. Ark. 2000); *see Webster v. Gibson*, 913 F.2d 510, 514 (8th Cir. 1990) (direct participation); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (failure to intervene); *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994) (failure to train or supervise); *Williams v. Smith*, 781 F.2d 319, 323-34 (2d Cir. 1986) (policy or custom).

The only allegation in the amended complaint against Tom Neer is that the he "allowed Jeff Warner to sign documents" that "Jeff Warner knew" to be false. McCray does not allege that Neer knew that these documents were false. Neer's alleged action, in allowing Warner to sign a document that only Warner knew to be false, simply does not amount to a constitutional violation. Even if every allegation in the complaint is assumed true, McCray does not allege that Neer directly participated in Warner's acts, that he knew about these actions, that he refused to intervene in this particular incident, or that he failed to train or supervise Warner. Nor does she allege that Neer created a policy or custom in the Sheriff's Department that caused the alleged constitutional violations. Here, the facts and allegations implicate Jeff Warner, not Tom Neer, as the actor. Tom Neer was not involved in the alleged violations of B.J.G.'s constitutional rights, and, accordingly, he cannot be held liable for them. As a result, the complaint fails to

state a claim upon which relief can be granted against the St. Charles County Sheriff, the only remaining defendant in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#63] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for rehearing [#73] is denied.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2010.